UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY UNDER RULE 9(h)



| | |
|---|---|
| LANCE GREENBERG, and JAMES/LANCE, INC., a Delaware corporation, | IN ADMIRALTY |
| Plaintiff, | CASE NO: 00-6133-CIV-Lenard |
| vs. | MAGISTRATE JUDGE: Turnoff |
| The M/Y PRIORITY, Official Number 906736, her boats, engines, tackle, apparel, furniture and appurtenances, in rem, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

Plaintiffs Lance Greenberg and James/Lance, Inc. respond to this Court's January 31, 2000 Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Subject Matter Jurisdiction, and say:

Plaintiffs filed this emergency action on January 28, 2000, seeking arrest of a 66' federally documented Motoryacht named Priority. By Order dated January 31, 2000, this Court directed the Plaintiff to show cause as to why the action should not be dismissed for lack of subject matter jurisdiction. Specifically, the Court held that it "lacks jurisdiction to adjudicate an action seeking foreclosure or declaration of title or right of possession under the mortgage", citing <u>Marine, Inc. v. Motorvessel Papillon</u>,

1



872 F.2d 751 (6th Cir. 1989); The J.E. Rumbell, 148 U.S. 1, 13 S.Ct. 498 (1893); Bogart v. The John Jay, 58 U.S. (17 How.) 399, 15 L.Ed.2d 95 (1854) and Lewco Corp. v. One 1984 23' Chris Craft Motor Vessel, 889 F.Supp. 1114 (D. Minn. 1995). Plaintiff respectfully submits that, not only does this Court have jurisdiction, its jurisdiction is exclusive.

Both Rumbell and Bogart were decided in the 19th Century, long before the United States Congress passed the Ship Mortgage Act of 1920. As the District Court noted in Lewco, 889 F.Supp at 1118, the effect of the Act was to expand the Admiralty jurisdiction of the federal district courts to encompass preferred maritime mortgages. The Ship Mortgage Act, 46 U.S.C. §911 et seq., was repealed effective January 1, 1989 and replaced by 46 U.S.C. §30101 et seq. Id. at fn.3. The operative provision is 46 U.S.C. §31325, subsection (c) of which makes jurisdiction exclusive in this Court since the vessel is federally documented and located within this district.

Rumbell and Bogart have been directly superseded by statute, and the United States Supreme Court acknowledged so expressly in The Thomas Barlum, et al. v. Barlum. S. Co., 293 U.S. 21, 32-34, 55 S.Ct. 31, 79 L.Ed. 176 (1934); See also **Schoenbaum**, Admiralty and Maritime Law 2d ed. "Maritime Liens and Ship Mortgages" §7-5 page 442 (1994) ("Prior to passage of the Ship Mortgage Act in 1920, a mortgage on a vessel and a proceeding to enforce it were not maritime matters that could be litigated in admiralty jurisdiction...in order to improve the lienholders'

2

security...Congress enacted the Ship Mortgage Act, which provides for a 'preferred mortgage' that creates a maritime lien against the mortgage vessel").

Plaintiffs alleged in paragraph 7 of their Verified Complaint that the mortgage at issue was a first preferred ship's mortgage, and a copy of the first preferred ship's mortgage is attached as part of Composite Exhibit "B" to the complaint. <u>Cary Marine</u> (cited by the Court in its show cause order) does nothing to undermine this conclusion.  To the contrary, <u>Cary Marine</u> (which dealt not with a mortgage but with a purchase contract) buttresses Plaintiff's entitlement to invoke the arrest procedures afforded by the Supplemental Rules.  Therein the United States Court of Appeals for the Sixth Circuit noted that "[a] possessory action permits a party to adjudicate the right to possession of property that has been wrongfully taken.  Such actions are recognized as part of admiralty jurisdiction" provided the dispute arises out of a "maritime contract". 872 F.2d at 756-757.  The effect of the Ship Mortgage Act of 1920 was to recognize first preferred ship's mortgages as "maritime contracts".  Because the Ship Mortgage Act of 1920 expanded the scope of this Court's Admiralty jurisdiction to cover first preferred ship's mortgages, this Court has jurisdiction in this case, and its jurisdiction is exclusive.

Although, for obvious reasons, jurisdiction under §31325 is more commonly invoked by the mortgagee, it may also be invoked by the mortgagor where, for example, a mortgagor attempts foreclosure under state law (which is impermissible) or non-judicial

3

repossession and resale (which is permissible if provided for by contract). See e.g., Deluca v. Mystic River Marine, Inc., 976 F.Supp 127 (D. Conn. 1997) and Dietrich v. Key Bank, N.A., 72 F.2d 1509 (11th Cir. 1996), respectively.

WHEREFORE, Plaintiffs LANCE GREENBERG and JAMES/LANCE, INC., respectfully submit that they have shown cause as to why this matter should not be dismissed for lack of jurisdiction and ask the Court to assume jurisdiction of the matter and to grant Plaintiffs' pending Motion to Arrest, etc.

        BOSSHARDT & EDWARDS, P.A.
        Attorneys for Plaintiffs
        1600 SE 17th St. Causeway
        Suite 405
        Fort Lauderdale, FL 33301
        Tel: (954) 764-7772
        Fax: (954) 764-8176

By: _____
        Robert R. Edwards, Esq.
        Fla. Bar No. 770851

        and

        Reginald P. Morris, Jr.
        Fla. Bar No. 0133299

cc: Adam H. Smith, Esq.