

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 00-6133-CIV-LENARD/TURNOFF
IN ADMIRALTY

| | |
|---|---|
| LANCE GREENBERG, and JAMES/ LANCE, INC., a Delaware Corporation,<br><br>    Plaintiffs,<br>-vs-<br><br>THE M/Y PRIORITY, Official Number 906736, her boats, engines, tackles, apparel, furniture and appurtenances, in rem<br><br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

| | |
|---|---|
| J. R. N. HOLDINGS, INC.<br><br>    Plaintiff,<br><br>-vs-<br><br>M/V PRIORITY, her engines, tackle, apparel, appurtenances, etc., having Official No. 906736, in rem: and LANCE/JAMES, INC., AND LANCE R. GREENBERG AND JAMES D. GALUSHA, in personam.<br><br>    Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Plaintiff/Mortgagee, J.R.N. Holdings, Inc., by and through its undersigned counsel, and in lieu of filing a Notice of Claim and/or filing a Motion to Intervene in the first action herein, hereby answers the Verified Complaint to Seize and Arrest Vessel and to Determine Right to

1

Possession in the above styled consolidated action, and states as follows:

1. Plaintiff/Mortgagee, J.R.N. Holdings, Inc., has insufficient knowledge to either admit or deny the allegations contained within paragraph 1 of Plaintiff's Complaint.

2. Plaintiff/Mortgagee, J.R.N. Holdings, Inc., has insufficient knowledge to either admit or deny the allegations contained within paragraph 2 of Plaintiff's Complaint.

3. Plaintiff/Mortgagee, J.R.N. Holdings, Inc., denies the allegations contained within paragraph 3 of Plaintiff's Complaint as they relate to the location and value of the vessel.

4. Plaintiff/Mortgagee, J.R.N. Holdings, Inc., has insufficient knowledge to either admit or deny the allegations contained within paragraph 4 of Plaintiff's Complaint.

5. Plaintiff/Mortgagee, J.R.N. Holdings, Inc., has insufficient knowledge to either admit or deny the allegations contained within paragraph 5 of Plaintiff's Complaint.

6. Plaintiff/Mortgagee, J.R.N. Holdings, Inc., has insufficient knowledge to either admit or deny the allegations contained within paragraph 6 of Plaintiff's Complaint.

7. Plaintiff/Mortgagee, J.R.N. Holdings, Inc., has insufficient knowledge to either admit or deny the allegations contained within paragraph 7 of Plaintiff's Complaint.

8. Plaintiff/Mortgagee, J.R.N. Holdings, Inc., has insufficient knowledge to either admit or deny the allegations contained within paragraph 8 of Plaintiff's Complaint.

9. Plaintiff/Mortgagee, J.R.N. Holdings, Inc., has insufficient knowledge to either admit or deny the allegations contained within paragraph 9 of Plaintiff's Complaint.

10. Plaintiff/Mortgagee, J.R.N. Holdings, Inc., denies the allegations contained within paragraph 10 of Plaintiff's Complaint.

11. Plaintiff/Mortgagee, J.R.N. Holdings, Inc., has insufficient knowledge to either

admit or deny the allegations contained within paragraph 11 of Plaintiff's Complaint.

12.     Plaintiff/Mortgagee, J.R.N. Holdings, Inc., denies the allegations contained within paragraph 12 of Plaintiff's Complaint.

13.     Plaintiff/Mortgagee, J.R.N. Holdings, Inc., denies the allegations contained within paragraph 13 of Plaintiff's Complaint.

14.     Plaintiff/Mortgagee, J.R.N. Holdings, Inc., has insufficient knowledge to either admit or deny the allegations contained within paragraph 14 of Plaintiff's Complaint.

15.     Plaintiff/Mortgagee, J.R.N. Holdings, Inc., denies the allegations contained within paragraph 15 of Plaintiff's Complaint.

16.     Plaintiff/Mortgagee, J.R.N. Holdings, Inc., denies the allegations contained within paragraph 16 of Plaintiff's Complaint.

17.     Plaintiff/Mortgagee, J.R.N. Holdings, Inc., denies the allegations contained within paragraph 17 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff/Mortgagee, J.R.N. Holdings, Inc., lawfully repossessed, PRIORITY, pursuant to the laws of the State of Florida, and/or U.S.C. Title 46, and/or the terms of the First Preferred Ship's Mortgage, dated April 14, 1998 (see Plaintiff, J.R.N. Holdings, Inc.'s complaint exhibit "B"), and as a result of Defendants, LANCE R. GREENBERG, JAMES D. GALUSHA AND LANCE/JAMES, INC.'S, failure to perform under the terms of the First Preferred Ship's Mortgage, dated April 14, 1998.

2.      Plaintiff/Mortgagee, J.R.N. Holdings, Inc., lawfully repossessed, PRIORITY,

pursuant to the laws of the State of Florida, and/or U.S.C. Title 46, and/or the terms of the Promissory Note, dated April 14, 1998 (see Plaintiff, J.R.N. Holdings, Inc.'s complaint exhibit "A"), and as a result of Defendants, LANCE R. GREENBERG, JAMES D. GALUSHA AND LANCE/JAMES, INC.'S, failure to perform under the terms of the Promissory Note, dated April 14, 1998.

### COUNTERCLAIM - BREACH OF CONTRACT

Plaintiff/Mortgagee, J.R.N. Holdings, Inc., counterclaims against Plaintiffs, Lance Greenberg and James/Lance, Inc., and hereby incorporates the Complaint filed as Case No. 00-6134-CIV-FERGUSON, consolidated into the present action by the Order of Judge Lenard, dated February 02, 2000.

**WHEREFORE**, Plaintiff/Mortgagee, **J.R.N. HOLDINGS, INC.**, respectfully requests that this Court:

1. DENY Plaintiffs, LANCE GREENBERG and JAMES/LANCE, INC.'S, request for an award of possession of PRIORITY.;

2. GRANT Plaintiff/Mortgagee, J.R.N.HOLDINGS, INC.'S, request for an award of the outstanding principal amount of $336,064.53 plus interest, court costs, reasonable attorney's fee, and any and all costs relating to the foreclosure and/or repossession and/or default of the Promissory Note and First Preferred Ship's Mortgage, all pursuant to the terms of the Promissory Note and First Preferred Ship's Mortgage, as well as any deficiency judgment and any and all other relief that this Court deems just and appropriate under the circumstances.

Dated: February 17, 2000

_____
Adam H. Smith, Esq.
Florida Bar No. 964506
ADAM H. SMITH, P.A.
Attorney for Plaintiff/Mortgagee
J.R.N. HOLDING'S, INC.
855 South Federal Highway, Suite 212
Boca Raton, Florida 33432-6133
(Tel.) 561-395-3022

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was served this 17th day of February, 2000, on the following person(s) by U.S. Mail:

Robert R. Edwards, Esq.
Reginald P. Morris, Jr., Esq.
BOSSHARDT & EDWARDS, P.A.
1600 S.E. 17th Street Causeway
Suite 405
Fort Lauderdale, Florida 33301

_____
Adam H. Smith, Esq.