UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 00-6133-CIV-LENARD/TURNOFF

IN ADMIRALTY

| | |
|---|---|
| LANCE GREENBERG, and JAMES/ LANCE, INC., a Delaware corporation, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| The M/Y PRIORITY, Official Number 906736, her boats, engines, tackles, apparel, furniture and appurtenances, in rem, J.R.N. HOLDINGS, INC., a Florid corporation, and John Naylor, individually, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| J.R.N. HOLDINGS, INC., | ) ) |
| Counterclaimant, | ) ) ) |
| vs. | ) ) ) |
| M/V PRIORITY, her engines, tackles, apparel, appurtenances, etc., having Official Number 906736, in rem; LANCE/ JAMES, INC., and LANCE R. GREENBERG and JAMES D. GALUSHA, in personam. | ) ) ) ) ) ) ) |
| Counterdefendants. | ) ) |

## AMENDED COMPLAINT

Plaintiffs Lance Greenberg and Lance/James, Inc. sue Defendants J.R.N. Holdings, Inc. and John Naylor, individually, and say:

1

## Jurisdiction, Parties and Venue

1. This is an action for damages in excess of $75,000.00, exclusive of interests, costs and attorneys fees.

2. Plaintiff Lance/James, Inc. is a Delaware corporation with its principal place of business in Colorado.

3. Plaintiff Lance Greenberg is an individual residing and doing business on the vessel which is the subject of this action, as well as in the state of Colorado which is his primary residence.

4. Defendant Priority is a federally documented 66', 1986 Midnight Lace Motoryacht, Official Number 906736, which is presently in custody of the U.S. Marshal (through a substitute custodian) upon motion of the Plaintiff granted by the Court.

5. Defendant J.R.N. Holdings, Inc. is a Florida corporation with its principal place of business within the Southern District of Florida.

6. Defendant John Naylor is an individual residing and doing business in the Southern District of Florida, and is the owner and operator of J.R.N. Holdings, Inc.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, as well as federal Admiralty and Maritime jurisdiction as contemplated by Rule 9(h), Fed.R.Civ.P. and 28 U.S.C. §1333 because this case involves an attempt to foreclose a First Preferred Ship's Mortgage.

8. Venue is appropriate before this Court because the acts and omissions giving rise to this action occurred within the Southern District of Florida, the vessel which is the subject of this action was taken by the Defendant within this District and is currently being held in custody by the U.S. Marshal (through a substitute custodian) in this District, and because the Defendant's principal place of business is within this District.

## Background Allegations

9.      Together, Plaintiffs hold legal title to the vessel Priority, Official Number 906736. Greenberg signed the Closing Statement as Purchaser, and the Bill of Sale was issued to James/Lance. Copies of both are attached as Composite Exhibit "A" hereto.

10.     On or about April 14, 1998, Greenberg executed a Promissory Note for $400,000.00 and, along with a non-party partner, executed a First Preferred Ship's Mortgage for Priority with Defendant J.R.N. Holdings, Inc. Copies of the Promissory Note and Mortgage are attached as Composite Exhibit "B".

11.     On or shortly after January 21, 2000, Greenberg returned to the marina where Priority had been moored near Flagler Beach, only to learn that Naylor and J.R.N. Holdings, Inc. had taken the vessel with the help of a "repossession agent" and without notice to the Plaintiff, and had repositioned it to Ft. Lauderdale.

12.     The only things the repossessing agent presented to and left with the Marina were a Notice that L.R.N. Holdings had instructed the agent to repossess the vessel, a photo i.d. of the agent, and what appears to be a demand letter from Attorney Adam H. Smith stating that Greenberg was in default of the Note and Mortgage. A copy of that letter is attached as Exhibit "C". In addition to the discrepancy between the date on page 1 (November 03, 1999) and the date on page 2 (October 25, 1999)[1], the letter was evidently mailed to Mr. Greenberg at 300 Alton Road, Miami Beach, Florida 33139. That address does not appear anywhere in the Promissory Note and Mortgage.

---

[1] Plaintiffs acknowledge the possibility of two letters, but page 2 flows logically from page 1, page 1 (which is dated after page 2) invites the inference that it was the first communique, or attempted communique, from Attorney Smith to Mr. Greenberg because Smith advises Greenberg of his retention, and Greenberg has attested that he received the two pages together from the Marina evidently as a single letter.

13. At the time Naylor and J.R.N. Holdings took the vessel, however, all payments under the Note and Mortgage were current, and Greenberg had remained current under the Note and Mortgage since inception of the Note and Mortgage 17 months earlier.

14. J.R.N. Holdings purportedly repossessed the vessel pursuant to that part of the Promissory Note (unnumbered paragraph) which states that the note shall at the option of the holder be immediately due and payable if the Plaintiff failed to make any payment within 30 days of its "due date", as defined by the contract.

15. Payment for the October 1, 1999 "due date" was tendered by check received on or about November 3, 1999 — 33 days after the "due date", but just three days after the grace period. However, throughout the history of the Note and Mortgage and through the course of dealings between Greenberg and J.R.N. Holdings, payment had been routinely tendered and accepted after the due date, along with the 5% late charge contemplated by the Promissory Note.

16. On or about October 28, 1999, Greenberg called John Naylor and advised him that the payment in question might be three days after the grace period. Naylor agreed to accept it then. The payment tendered November 3, 1999 included payment of the 5% late charge, and it was accepted by Naylor and deposited by J.R.N. Moreover, even assuming there had been a default, paragraph 26 of the Mortgage would have entitled Plaintiff to redeem by paying any past-due installments, late charges and associated costs *unless* J.R.N. Holdings elected to demand payment of the full net balance at that time. J.R.N. did not do so.

17. As set forth above, Greenberg lives and works on the vessel full time. He first learned of the "repossession" when he returned to the Marina where he had been staying only to find the vessel gone.

18. Moreover, and more significantly, at the time the letter was written (whether October 25 or November 3), Greenberg was current under the Note and Mortgage, having tendered payment (with late fees) that was subsequently accepted. Thereafter, Greenberg tendered, and J.R.N. Holdings accepted, two more months worth of payments and Mr. Smith subsequently advised Greenberg (at a chance meeting in the Bahamas) and Greenberg's Colorado attorney, that J.R.N. Holdings was not after the vessel or additional payments or anything else other than continued compliance with Plaintiff's contractual obligations.

19. Given the course of dealings between the parties, the lack of notice and an opportunity to cure, or redeem (even assuming there ever was a default), the tender and acceptance of payments both before and after the October 25/November 3 letter, Greenberg's notice to Naylor that the payment at issue would be three days late and Naylor's agreement to accept it, the assurance of counsel that Plaintiff Greenberg was current with J.R.N. Holdings, the fact that Plaintiffs have more than $400,000 worth of equity in the vessel and that J.R.N. Holding's is adequately protected, and given the gross inequity that would be visited upon the Plaintiffs by the loss of the vessel under these circumstances, Plaintiffs respectfully submit that neither Naylor nor J.R.N. Holdings had any right to repossess the vessel and its contents, particularly without notice, and that it presently has no right to sell or otherwise dispose of the vessel and its contents.

20. Plaintiffs previously filed this action just against the vessel, seeking and obtaining and Order from the Court directing the U.S. Marshal to seize and arrest the vessel and to place it in the custody of a substitute custodian.

21. Plaintiffs now file this amended complaint adding Naylor and J.R.N. Holdings, Inc. as party defendants, and seeking compensatory, consequential and incidental damages against same.

22. Plaintiffs have been severely damages by the foregoing wrongful acts of the Defendants, including, but not limited to, the following extents:

   a. Repossession of the vessel, which is now in custody of the U.S. Marshal, has rendered Plaintiff Greenberg homeless and deprived him of his livelihood, in that the vessel served both as his place of residence and place of business, and that he has been required to make other arrangements at great inconvenience and great expense;

   b. The vessel and its equipment have been damaged as is evidenced by the fact that the tender has been removed from the vessel and a $25,000.00 lift that was on the vessel at the time of repossession has been broken off or otherwise removed;

   c. Diamonds, Rolex watches and other jewelry valued in excess of $80,000, as well as numerous irreplaceable records belonging to other parties, but in the care, custody and control of Greenberg and the Plaintiff and essential for litigation currently pending in Colorado, are missing and have evidently been stolen or lost. Because the vessel was purchased primarily for business purposes, the lien provided by the mortgage did not extend to items added to the boat (see paragraph 7 of the mortgage); and

   d. Crystal and other objects were damaged during the course of the repossession, evidently due to the manner in which the repossession agent boxed the objects and threw them into a warehouse after repossession.

23. All conditions precedent to this action have occurred, been satisfied or been waived.

24. Plaintiffs stand ready, willing and able to pay into the registry of the Court monthly payments as they become due under the Promissory Note and Mortgage at issue in this case and hereby offers to do so.

25. Plaintiffs have retained the undersigned law firm to represent them in this action and are obligated to reimburse the firm for its costs and to pay the firm a reasonable fee for its services.

## COUNT I
### Conversion

26. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

27. By virtue of the aforementioned unauthorized acts, Defendants Naylor and J.R.N.

Holdings, Inc. deprived Plaintiffs of their personal property, permanently with respect to the lift, the diamonds, the Rolex's and the jewelry (assuming they cannot be found) and temporarily or indefinitely with respect to the vessel Priority, and its tender which has yet to be returned.

28. These acts constitute conversion of the Plaintiffs' personalty.

29. Demand has been made for a return of the property, to no avail. In the alternative, further demand would be futile in light of the inability or unwillingness of the Defendants to return to the Plaintiffs the property wrongfully converted.

30. Plaintiffs sustained compensatory, consequential and incidental damages as a result.

WHEREFORE, Plaintiffs demand judgment against Defendants Naylor and J.R.N. Holdings, Inc. for conversion awarding Plaintiffs compensatory, consequential and incidental damages, reasonable attorney's fees and costs, punitive damages, prejudgment interest, and such other and further relief as the Court deems appropriate.

## COUNT II
### Wrongful Repossession

31. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

32. The foregoing constitutes a wrongful repossession of the vessel and of the personalty on board the vessel by the Defendants.

33. Plaintiffs sustained compensatory, consequential and incidental damages as a result.

WHEREFORE, Plaintiffs demand judgment against Defendants Naylor and J.R.N. Holdings, Inc. for conversion awarding Plaintiffs compensatory, consequential and incidental damages, reasonable attorney's fees and costs, prejudgment interest, and such other and further relief as the Court deems appropriate.

## COUNT III
### Trespass

34. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

35. The foregoing acts constitute trespass to personalty by the Defendants.

36. Plaintiffs sustained compensatory, consequential and incidental damages as a result.

WHEREFORE, Plaintiffs demand judgment against Defendants Naylor and J.R.N. Holdings, Inc. for conversion awarding Plaintiffs compensatory, consequential and incidental damages, reasonable attorney's fees and costs, prejudgment interest, and such other and further relief as the Court deems appropriate.

## COUNT IV
### Breach of Contract

37. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

38. The Promissory Note and Mortgage constitute a contract between Plaintiffs and Defendant J.R.N. Holdings, Inc.

39. Defendant J.R.N. breached the contract by, among other things:

   a. converting the vessel to its own use notwithstanding the absence of any breach by the Plaintiffs or any right in the Defendant to do so;

   b. failing to maintain the vessel and its contents in good condition, notwithstanding any putative right on the part of the Defendant to repossess the vessel; and,

   c. failing to fulfill its statutorily imposed obligation to act in good faith under the Promissory Note and Mortgage.

40. Plaintiffs sustained compensatory, consequential and incidental damages as a result.

WHEREFORE, Plaintiffs demand judgment against Defendant J.R.N. Holdings, Inc. for

conversion awarding Plaintiffs compensatory, consequential and incidental damages, reasonable attorney's fees and costs, prejudgment interest, and such other and further relief as the Court deems appropriate.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail and by fax (561-395-5922) this 23rd day of February, 2000, upon Adam H. Smith, Esq., Adam H. Smith, P.A., Attorney for Naylor and J.R.N. Holdings, Inc., 855 South Federal Highway, Suite 212, Boca Raton, FL 33432-6133.

> BOSSHARDT & EDWARDS, P.A.
> Attorneys for Plaintiffs
> 1600 SE 17th St. Causeway, Suite 405
> Fort Lauderdale, FL 33316
> Tel:   (954) 764-7772
> Fax:   (954) 764-8176
>
> By: _____
> Robert R. Edwards
> Fla. Bar No. 770851

**JAN SAXTON YACHT DOCUMENTATION, INC.**
1525 S. ANDREWS AVE., STE 216
FT. LAUDERDALE, FL 33316
954-764-6702 phone                954-764-6907 fax

# BILL OF SALE

| | |
|---|---|
| 1. VESSEL NAME<br>PRIORITY | 2. OFFICIAL NUMBER:<br>906736 |
| 3. NAME(S) OF SELLER(S) AND INTEREST OWNED BY EACH<br><br>J.R.N. HOLDINGS, INC.<br>1112 E. LAS OLAS BLVD.<br>FT. LAUDERDALE, FL 33301<br><br>100% | 4. NAME(S) OF BUYER(S) AND INTEREST TRANSFERRED TO EACH:<br><br>JAMES/LANCE, INC.<br>30 OLD RUDNICK LANE<br>DOVER, DE 19901<br><br>100% |

5. CONSIDERATION RECEIVED: TEN DOLLARS AND OTHER GOOD AND VALUABLE CONSIDERATION.

6. I (WE) DO HEREBY SELL TO THE BUYER(S) NAMED ABOVE, MY (OUR) RIGHT, TITLE, AND INTEREST IN THE VESSEL TOGETHER WITH THE FOLLOWING NECESSARIES AND APPURTENANCES:
THIS SALE IS MADE TO THE BUYERS IN THE PROPORTION SPECIFIED, SUBJECT TO THE FOLLOWING WARRANTIES AND CONDITIONS: THE SELLER FURTHER WARRANTS THAT THE SAID VESSEL IS FREE AND CLEAR OF ALL BILLS, LIENS, MORTGAGES, TAXES OR ENCUMBRANCES OF ANY NATURE OR KIND AND HEREBY AGREES TO INDEMNIFY AND SAVE HARMLESS THE PURCHASER FROM AND AGAINST ALL CLAIMS, DAMAGES OR EXPENSES INCLUDING ATTORNEY'S FEES AND COURT COSTS, ARISING BY REASON OF SELLER'S OWNERSHIP, OPERATION, OR SALE OF SAID VESSEL.
**THIS BILL OF SALE IS SIGNED AT THIS TIME TO CONNECT CHAIN OF TITLE ONLY. THE ACTUAL TRANSFER TOOK PLACE ON 4-14-98.**

7. SIGNATURE(S) OF SELLER(S)                8. DATE
   [signature]                               4-28-98

9. CAPACITY
Jonathan Naylor, V.P.

10. ACKNOWLEDGEMENT (TO BE COMPLETED BY NOTARY PUBLIC OR OTHER OFFICIAL AUTHORIZED BY LAW OF A STATE OR THE UNITED STATES TO TAKE OATHS.)

STATE: FLORIDA

COUNTY: BROWARD

ON ___4-28-98___, THE PERSON(S) NAMED IN SECTION 9 ABOVE ACKNOWLEDGED EXECUTION OF THE FOREGOING INSTRUMENT IN THEIR STATED CAPACITY(IES) FOR THE PURPOSE THEREIN CONTAINED. HE/SHE/THEY IS/ARE PERSONALLY KNOWN TO ME OR HAS/HAVE PRODUCED _____ AS IDENTIFICATION.

NOTARY PUBLIC [signature: Sally A. Saxton]

MY COMMISSION EXPIRES [seal: Sally A. Saxton, MY COMMISSION # CC710974 EXPIRES February 27, 2002, BONDED THRU TROY FAIN INSURANCE, INC.]

RECORDED BOOK 98-52 PAGE 147



## CLOSING STATEMENT

Date: 4-14-98

Buyer: JAMES D. GALUSHA & LANCE R. GREENBERG

Address: 119 W. COLORADO AVE., P.O. BOX 200, TELLURIDE, CO 81435

Seller: J.R.N. HOLDINGS, INC.

Address: 1112 E. LAS OLAS BLVD., FT. LAUDERDALE, FL 33301

Vessel: 1986, 66' MIDNIGHT LACE, KNOWN AS PRIORITY, OFFICIAL NUMBER: 906736

| | |
|---|---|
| Purchase Price: | $500,000.00 |
| Total Purchase Price: | $500,000.00 |
| 6% Florida Sales Tax, if Applicable: NOT APPLICABLE, REMOVING VESSEL | |
| Less Deposit Received: | $100,000.00 |
| Net Proceeds to Seller: | $400,000.00 |

PURCHASER:                                    SELLER:
                                              J.R.N. HOLDINGS, INC.

_____                       _____
LANCE R. GREENBERG                            JONATHAN NAYLOR, V.P.

Witness:                                      Witness:

_____                       _____

Form A293                     **PROMISSORY NOTE**

$ 400,000 00/100                                    Dated: 14 April, 19 98
Principal Amount four hundred thousand  State of FLORIDA.
                    LANCE R GREENBERG + JAMES D BALUSHA
         FOR VALUE RECEIVED, the undersigned hereby jointly and severally promise to pay to the
order of  J.R.N. Holdings. Inc.
         548 Victoria Terrace, FT. LAUDERDALE FLA 33301.                       the sum of
four hundred thousand  U.S. Dollars,
Dollars ($ 400,000 00/100 — ), together with interest thereon at the rate of 10 %
per annum on the unpaid balance. Said sum shall be paid in the manner following:

84 equal Payments of $6,640.48/100 Beginning June 1st
1998 ending ~~June 1st 2005.~~
         MAY 1st 05

All payments shall be first applied to interest and the balance to principal. This note may be prepaid, at any time, in whole or in part, without penalty. All prepayments shall be applied in reverse order of maturity.

This note shall at the option of any holder hereof be immediately due and payable upon the failure to make any payment due hereunder within  30  days of its due date.

In the event this note shall be in default, and placed with an attorney for collection, then the undersigned agree to pay all reasonable attorney fees and costs of collection. Payments not made within five (5) days of due date shall be subject to a late charge of 5.0 % of said payment. All payments hereunder shall be made to such address as may from time to time be designated by any holder hereof.

The undersigned and all other parties to this note, whether as endorsers, guarantors or sureties, agree to remain fully bound hereunder until this note shall be fully paid and waive demand, presentment and protest and all notices thereto and further agree to remain bound, notwithstanding any extension, renewal, modification, waiver, or other indulgence by any holder or upon the discharge or release of any obligor hereunder or to this note, or upon the exchange, substitution, or release of any collateral granted as security for this note. No modification or indulgence by any holder hereof shall be binding unless in writing; and any indulgence on any one occasion shall not be an indulgence for any other or future occasion. Any modification or change of terms, hereunder granted by any holder hereof, shall be valid and binding upon each of the undersigned, notwithstanding the acknowledgement of any of the undersigned, and each of the undersigned does hereby irrevocably grant to each of the others a power of attorney to enter into any such modification on their behalf. The rights of any holder hereof shall be cumulative and not necessarily successive. This note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State first appearing at the head of this note. The undersigned hereby execute this note as principals and not as sureties.

Signed in the presence of:

_____        _____
Witness                                Borrower

_____        _____
Witness                                Borrower

**GUARANTY**

We the undersigned jointly and severally guaranty the prompt and punctual payment of all monies due under the aforesaid note and agree to remain bound until fully paid.

In the presence of:

_____        _____
Witness                                Guarantor

_____        _____
Witness                                Guarantor

© E-Z Legal Forms. Before you use this form, read it, fill in all blanks, and make whatever changes are necessary to your particular transaction. Consult a lawyer if you doubt the form's fitness for your purpose and use. E-Z Legal Forms and the retailer make no representations or warranty, express or implied, with respect to the merchantability of this form for an intended use or purpose.
(Revised 7/94)




PAGE 1 OF 1

# FIRST PREFERRED SHIP'S MORTGAGE
## JAN SAXTON YACHT DOCUMENTATION, INC.
### 1525 S. ANDREWS AVE., STE 216, FT. LAUDERDALE, FL 33316

FIRST PREFERRED SHIP'S MORTGAGE dated 4-14-98. Under 46 U.S.C. Sec. 31301, et seq., as amended Securing A promissory Note (the "Note") dated 4-14-98.

This is a Preferred Ship Mortgage (the "Mortgage") on the vessel **"PRIORITY"** (the "Boat") which is being created under Federal Law. The amount of the Mortgage as required to be shown by Chapter 3T3, Title 46 U.S. Code, is the Loan Amount (i.e. Financed) of **$400,000.00**. This Mortgage also secures repayment of simple interest as it accrues or precomputed interest to appropriate prepayment credit and performance of Mortgage representations, warranties and promises.

1. PARTIES:

Mortgagor(s)   **JAMES/LANCE, INC.**
JOINED BY JAMES D. GALUSHA & LANCE R. GREENBERG AS PERSONAL GUARANTORS
**30 OLD RUDNICK LANE**
**DOVER, DE 19901**
                                                                                          100%

The (sole owner(s)) of the Boat.

Mortgagee:     **J.R.N. HOLDINGS, INC.**
**1112 E. LAS OLAS BLVD.**
**FT. LAUDERDALE, FL 33301**
                                                                                          100%

The words I, me, Mine, we and our mean everyone (individuals, partners or corporation) who sign this Mortgage as Mortgagor and, where applicable, any Other Owner, and the personal representatives, successors and assigns of Mortgagor and any other Owner. The words you and your mean the Mortgagee and anyone who has Mortgagee's rights under this Mortgage. If this Mortgage is given by a corporation, the words it and it's may also mean corporation.

2. DESCRIPTION OF BOAT: The Boat covered by this Mortgage is described below and is not a towboat, barge, scow, lighter, car float, canalboat or tank vessel of less than 25 gross tons, as such words as used in 46 U.S.C. Sec. 922.

NAME: PRIORITY                          TO BE RENAMED: PRIORITY

HOME PORT: NVDC                         HULL NUMBER:                         OFFICIAL NUMBER: 906736

3. MULTIPLE MORTGAGORS: Each person who signs this Mortgage as Mortgagor will be responsible for the full amount of the Debt and everything required of Mortgagor, unless specifically stated otherwise below. You may sue one Mortgagor without joining or notifying any co-Mortgagor. You do not have to Notify one Mortgagor that another has defaulted under this Mortgage. You may give one Mortgagor extensions to pay or change or release his responsibility without releasing any co-Mortgagor in the same way. Each person who signs this Mortgage as an Other Owner makes all of the title warranties but none of the other promises.

4. MORTGAGE DEBT: This Mortgages secures my obligation ("the Debt") now due or which may become due in the future to you under this Mortgage and under the Note which is now held by you, given by me as borrower to J.R.N. HOLDINGS, INC. as lender to be secured by this Mortgage on the Boat described above.

5. PROMISE TO PAY: I will pay and perform the Debt.

6. GOVERNING LAW: The parties have chosen federal law, including but not limited to 46 U.S.C. Section 30101, 31301 and the sections following in 46 U.S.C. Section 31301, et seq., as amended, to cover all of the provisions of this Mortgage. In particular, 46 U.S.C. Section 31322 (b) covers the interest provisions of the Note and this Mortgage. If there are gaps in Federal Law as to non-interest provisions, and only to such extent, the law of the State of COLORADO shall govern this transaction.

7. MORTGAGE: To secure the Debt, I mortgage to you the whole of the Boat named above and further describe in her last marine document identified above, together with: all masts, towers, boilers, cables, engines, machinery, sails, rigging, auxiliary boats, anchors chains, tackle, apparel, bowsprits, furniture, fittings, tools, pumps, radar and other electronic or other equipment and supplies, and all fishing and other attachments and accessories, now part of the Boat or used in or on the Boat or which may become part of the Boat in the future, whether or not removed from the Boat (all called the "Boat"). If I am not a corporation and the Boat was purchased primarily for my own non-business use, the lien of this Mortgage shall not cover any items added to the

boat more than 10 days after the date of the Note that are not made a part of the Boat. These excludable items however, must be identified in writing for you or any appropriate court officer before any duly noticed resale of the Boat. In any event, this Mortgage shall cover only items which may be mortgaged under the Ship Mortgage Act of 1920, as amended. Although you do not intend to cover any property other than a "vessel" as defined in 46 U.S.C. Section 31302, et seq., as amended, if a court says that this Mortgage does cover such other property ("Other Property"), then I can have the Other Property separately released from this Mortgage by paying .01% of the then outstanding balance of this mortgage after any appropriate prepayment credit. Release of such Other Property from this Mortgage does not release it from any Security Agreement besides this Mortgage.

8. CITIZENSHIP: I am, and shall continue to be, a citizen of the United States, until this Mortgage is fully paid.

9. RIGHT TO OWN AND OPERATE: The Boat is documented in my name under the laws of the United States. I am the sole owner of the boat and shall remain entitled to own and operate the Boat under her marine document. If this Mortgage is given by a corporation, the corporation is properly incorporated and exists in good standing under the laws of the state of it's incorporation.

10. MARINE DOCUMENT: I shall maintain the marine document of the Boat in full force and effect.

11. SIGNING AUTHORIZATION AND VALIDITY: I (or, if this mortgage is given by a corporation,) the Board of Directors of the corporation have signed or authorized and directed the signing of all papers and taken all actions necessary for the signing and delivery of this Mortgage, the Good Faith Affidavit (which appears at the bottom of this Mortgage) and the Note which created the Debt secured by this Mortgage. The Note and Mortgage are valid and enforceable.

12. NO PRIOR LIENS: I lawfully own and possess the Boat free from all prior liens and encumbrances, except for the lien of this Mortgage.

13. TITLE WARRANTY: I warrant title to the Boat. This means that I am responsible for your expenses or losses if anyone else successfully claims an interest in the Boat or any part of it.

14. RISK OF LOSS: Damage, destruction or other loss of the boat will not release me from my obligations to you. I will let you know as soon as I can if the Boat becomes damaged or destroyed or disappears.

15. INSURANCE AND NOTICE OF LOSS: Until I have paid the Debt in full, I will insure the Boat at all times for it's full insurable value (what it is actually worth, unless you require replacement cost) up to amount I owe you under this Mortgage. The Boat must be insured against fire, theft, collision, liability* to others for property damage, damage caused by water and weather conditions, and such other hazards as you may reasonably ask me to cover. The insurance company must be reasonably acceptable to you. Such insurance must protect you as well as me. Such insurance must name you and/or you assigns as mortgagees and additional insureds and further provide that assigns as mortgagee and additional insured and further provide that assigns as mortgagees and insureds and further provide that policy(ies) may not be canceled without the insurance company providing you and/or your assigns with ten (10) days prior written notice. The insurance policy must be written for at least one year at a time. I must pay the premium in advance at the beginning of the policy year. I must give you a bill from the insurance company or it's agents or a copy of the declaration sheet of the policy for the new period showing the dollar limits, premiums marked: Premium Paid, names of insured and all additional insured and the cancellation notice provision described above. I have authorized the insurance company to pay any loss to you. You may use the proceeds of the insurance either to repair the Boat or to make payments under this Mortgage. You may sign any proof of loss and endorse any check, draft or other form of payment issued by the insurance company or it's agent as a loss payment. If I do not have the insurance either at closing or at any time after the closing, you may buy insurance to protect you and me or yourself only, and I will pay the premiums at your request with interest at the Loan Rate(s) in effect under the Note from time to time.

16. USE OF THE BOAT: I will not sell the Boat, pledge it as security for another loan, give it away, lease it or charter it without your written permission. I will not use the boat to carry passengers for hire, permit it's use for any illegal purpose or let anyone seize the Boat. I will not salvage (anyone who tows or raises a vessel has a maritime lien on the vessel which is called a "salvage lien"). If I take the Boat to another country, I will comply with the laws of such country and with any treaty between the United States and such country.

17. LOCATION OF BOAT: I will not, without your prior written approval, remove the Boat from it's homeport or anchorage shown above (except for winter storages) other than voyages with the intent of returning. I will inform you of any different winter storage location or of any change of my residence. I will not abandon the Boat.

18. DISPLAY OF MORTGAGE ON BOAT; I will prominently display the marine document and completed copy of the Mortgage with the Boat's papers in the pilot house, if any, charter room or master's cabin. I will show them to all persons having business with the Boat and to you upon demand.

19. BILLS AND TAXES: I shall pay when due, any repair bills, storage bills, taxes, fines or other charges on the Boat. You may pay any of these bills, if I do not. If you do, I will repay you on demand, with interest at the Loan Rate(s) in effect under the Note from time to time.

20. CARE OF THE BOAT: I will keep the Boat in good condition and repair.

21. GOVERNMENT SEIZURE: I will notify you promptly by telephone, confirmed by telegraph or cable if the Boat is libeled, attached, detained, seized or levied upon or taken into custody by any court or authority. I will immediately take steps to have the Boat released. If the Boat is arrested or detained by any government authority, I authorize you or your agents in my name to receive or take possession of the Boat and defend any action and/or discharge my lien.

22. INSPECTION OF BOAT AND BOOKS: I will at all times let you inspect the Boat and it's cargoes and papers and examine my related accounts and records; and shall tell you quarterly and, if you request, monthly, that all wages and all other claims which might have created a lien on the Boat have been paid.

23. FURTHER ASSURANCES: From time to time, I shall sign and deliver to you any documents and assurances that you or your attorney may require to maintain priority of this Mortgage and to help you carry out resale of the Boat in the event it becomes necessary for you to repossess it. FINANCIAL REPORTING: If this Mortgage is given by a business entity, it will give you annual and other periodic financial reports you may reasonably request.

24. LATE CHARGES, ATTORNEY'S FEES AND COURT COSTS: I agree to pay any late charges that become due under the note, and attorney's fees, court costs, and any other expenses, losses, charges damages incurred or advances made by the Mortgagee in the protection of it's rights or caused by Owner's default hereunder or under the Promissory Note secured hereby.

25. DEFAULT, ACCELERATION AND REPOSSESSION: (A) DEFAULT: I will be in default if: (a) I have made a false or misleading statement about any important fact in this Mortgage or in the related Note application for credit approval; or (b) I do not make any payment when due; or (c) I die; or (d) I become insolvent; or (e) I file for bankruptcy or similar relief or creditors file for bankruptcy against me, or I let someone put a lien on the Boat; or (f) the Boat lessens in value or becomes valueless other than through normal depreciation; or (g) my ability to make timely payments is cut off; or (h) I break any promise I have made in this Mortgage or in this note; or (I) anything else happens that you in good faith and with reasonable cause believe may endanger my ability to pay this Mortgage. FOR CORPORATE MORTGAGOR: If this mortgage is given by a corporation, you may also request full payment if shares of it's capital stock are sold or transferred to anyone who was not a guarantor of the obligation secured by this Mortgage at the time the Note was signed, or it the corporation ceases doing business as a going concern or makes an assignment for the benefit of creditors, liquidates substantially all of it's assets or files for dissolution. (B) ENTIRE BALANCE DUE: (1) Interest before judgment. If I am in default, you may require that the unpaid balance of the amount financed be paid in full with accrued interest; but no prepayment credit is required because interest is not computed in advance for the term of the debt unless the note provides for such penalty. (2) Interest After Default. In the case of a declaration of default and demand for payment in full, or after maturity of the Promissory Note, the unpaid balance shall bear interest at the interest rate applicable under the Promissory Note. (3) Post Judgment Interest. In the case of a judgment, interest on the unpaid balance of the judgment will be payable at the rate of interest applicable under the Promissory Note, or if not permitted by law, at the highest lawful rate of interest under the laws of the State of . (c) REPOSSESSION: You have the right to repossess the Boat without a Court Order, if I default under the Note or this Mortgage. Otherwise, you have the right to foreclose in Federal Court under the maritime laws of the United States. You may demand that I assemble the boat and all equipment covered by the Mortgage. (D) EFFECT OF REPOSSESSION: Provided that your repossession of the Boat is accomplished without a breach of the peace, I agree to waive all defenses available to me under the Uniform Commercial Code or other applicable laws pertaining to such repossession.

26. REDEMPTION: I have the following rights of redemption. If you repossess the Boat, I can get it back (redeem it) by paying all past due installments, including accrued interest, (b) any late charges, collection expenses and attorney's fees, and (c) your cost of taking the boat (including moving, storage, and similar expenses) and when I redeem it, unless you demand the full net balance. My right to redeem in such case will end when the repossessed boat has been sold. You agree to provide me with notice of any repossession sale by mailing such notice at the address indicated in this Mortgage.

27. SALE OR USE OF REPOSSESSED BOAT: If you repossess the Boat, you may, in my name, lease, charter, operate or otherwise use the Boat as you think advisable, being accountable for net profits, if any, and keep the Boat free from charge at my premises or elsewhere, at my expense. For this purpose and subject to any applicable state regulation, you and your agent are irrevocably appointed my true and lawful attorneys-in-fact to make all necessary transfers of the Boat upon resale after repossession for me and in my name.

28. RESALE CREDIT: If you resell the Boat, any late charges, costs of taking the Boat, storage, costs of sale (cleaning, repairing, auctioneer's fee, marshal's fees, if any, sales commissions, if any, and advertising), cost of insurance, allowable attorney's fees and court costs will be subtracted from the price at which the Boat is sold after repossession. The difference, if any, would be my Resale Credit.

29. SURPLUS OR DEFICIENCY: If I owe more than the Resale Credit, I will pay you the difference (the "deficiency"). If I owe less than the Resale Credit, I will receive the difference (the "surplus").

30. NO WAIVER OF RIGHTS: You may delay in enforcing any of your rights without losing them.

31. RECEIVER: In any legal action, you may have a receiver appointed for the Boat and it's earnings. Any receiver shall have full rights and powers to use and operate the Boat and obtain a court decree ordering and directing the sale or other disposition of the Boat.

32. USE OF THE BOAT BY OWNER: Unless I violate this Mortgage and you repossess the Boat, I shall be permitted to retain actual possession and use of the Boat.

33. TIME IS OF THE ESSENCE: This means that all payments which are required must be made on the day due. Except as provided in Section 25 above, there are no grace periods provided in this Mortgage. If I require additional time to make a payment, I understand that I must obtain authorization or approval for making a late payment in writing in advance.

34. ADDITIONAL SECURITY: This mortgage is given as additional security to my Debt.

35. INVALID PROVISIONS: If any provision of this Mortgage cannot be enforced, the rest of the Mortgage will stay in effect.

36. AMENDMENTS: Any change in terms of this Mortgage must be made in writing and signed by you and me.

37. CONDITION OF THE BOAT: I hereby acknowledge that neither you nor any of your agents or assigns have made an representations, oral or written, of any nature pertaining to the Boat or it's operation. I further acknowledge that neither you nor your assigns manufactured the Boat; therefore, in the event of any legal proceeding filed by you arising out of the Note or Mortgage, I waive any and all defenses available to me at law against you, your agents or assigns arising out of the manufacture sale or operation of the Boat.

*Unless liability insurance cannot be required by applicable law.

ON THE DAY and year written at the beginning of this Mortgage I have signed this Mortgage, or if a corporation, caused this mortgage to be signed in the corporate name and sealed (if a corporate seal has been adopted) by it's proper corporate officers who were properly authorized to do so.

Witness: _____  By: _____
                                     JAMES D. GALUSHA AS PRESIDENT AND PERSONAL GUARANTOR

Witness: _____  By: _____
                                     LANCE R. GREENBERG AS SECRETARY AND PERSONAL GUARANTOR

*************************************************************************

### ACKNOWLEDGMENT

STATE: FLORIDA

COUNTY: BROWARD

ON __4-14-98__, THE PERSON(S) NAMED IN SECTION 9 ABOVE ACKNOWLEDGED EXECUTION OF THE FOREGOING INSTRUMENT IN THEIR STATED CAPACITY(IES) FOR THE PURPOSE THEREIN CONTAINED. HE/SHE/THEY IS/ARE PERSONALLY KNOWN TO ME OR HAS/HAVE PRODUCED _____ AS IDENTIFICATION.

NOTARY PUBLIC _____

MY COMMISSION EXPIRES _____

*************************************************************************

### AFFIDAVIT AS TO GOOD FAITH, LIENS, ETC.

State of: FLORIDA    County of: BROWARD

SS:

JAMES D. GALUSHA & LANCE R. GREENBERG being (severally) duly sworn, deposes and says that he/she is/they are the (individual mortgagors (s)), (corporate mortgagor(s)) described in and who/which executed the foregoing mortgage; and that the said Mortgage is made in good faith and without any design to hinder, delay, or defraud any existing or future creditors of the mortgagor or any lien on the mortgage boat. There are no liens, encumbrances, charges or mortgages outstanding against said boat, other than the lien of the foregoing mortgage.

If the mortgagor is a corporation, this affidavit is made pursuant to authority of the Board of Directors.

Subscribed and sworn to me before this __14__ day of __APRIL__, 199__

By: _____              By: _____
JAMES D. GALUSHA AS PRESIDENT AND       LANCE R. GREENBERG AS SECRETARY AND
PERSONAL GUARANTOR                       PERSONAL GUARANTOR
(seal)
                                         _____
My commission expires:                   Notary Public

My Commission Number: _____
                        Name of Notary printed or typed
                        Sally A. Saxton
                        MY COMMISSION # CC710976 EXPIRES
                        February 27, 2002
                        BONDED THRU TROY FAIN INSURANCE, INC.

# CLOSING STATEMENT

Date: 4-14-98

Buyer: JAMES D. GALUSHA & LANCE R. GREENBERG

Address: 119 W. COLORADO AVE., P.O. BOX 200, TELLURIDE, CO 81435


Seller: J.R.N. HOLDINGS, INC.

Address: 1112 E. LAS OLAS BLVD., FT. LAUDERDALE, FL 33301


Vessel: 1986, 66' MIDNIGHT LACE, KNOWN AS PRIORITY, OFFICIAL NUMBER: 906736

| | |
|---|---|
| Purchase Price: | $500,000.00 |
| Total Purchase Price: | $500,000.00 |
| 6% Florida Sales Tax, if Applicable: | NOT APPLICABLE, REMOVING VESSEL |
| Less Deposit Received: | $100,000.00 |
| Net Proceeds to Seller: | $400,000.00 |

PURCHASER:                                          SELLER:
                                                    J.R.N. HOLDINGS, INC.

_____                            _____
LANCE R. GREENBERG                                  JONATHAN NAYLOR, V.P.

Witness:                                            Witness:

_____                            _____
Sally A. Saxton                                     Sally A. Saxton

LAW OFFICES
## ADAM H. SMITH, P.A.
855 SOUTH FEDERAL HIGHWAY
SUITE 212
BOCA RATON, FLORIDA 33432-6133

ADAM H. SMITH

OF COUNSEL
STEVEN H. SMITH

TELEPHONE: (561) 395-3022
TELEFAX: (561) 395-5922

<u>Via Certified U.S. Mail (Z012343800)</u>

November 03, 1999

Mr. Lance R. Greenberg
Yacht " Priority"
Miami Beach Marina
300 Alton Road
Miami Beach, Florida 33139

Re:  VESSEL "PRIORITY" OFFICIAL NUMBER: 906736
     NOTICE OF NONPAYMENT AND OF DEFAULT FOR
     <u>FIRST PREFERRED SHIP'S MORTGAGE, DATED APRIL 14, 1998.</u>

To Lance/James, Inc.:

Please be advised that the undersigned attorney represents J.R.N. Holdings, Inc. with regard to the above referenced matter.

You are hereby notified that you are in default under the terms of the First Preferred Ship's Mortgage dated April 14, 1998 (Exhibit A) between Lance/James, Inc. (see amendment to ship's mortgage dated July 15, 1998, (Exhibit B)) and J.R.N. Holdings, Inc. As you are aware J.R.N. Holdings, Inc. received this First Preferred Ship's Mortgage along with a personal guarantee from both of the following individuals:

   1)   James D Galusha and
   2)   Lance R. Greenberg.

By the terms of the Ship's Mortgage, your failure to make timely payments of principal and interest when due since September, 1999 has conferred upon J.R.N. Holdings, Inc. the privilege and option of requiring the unpaid balance of the amount financed be paid in full with accrued interest and reasonable attorney's fees, costs of collection and court fees.

Pursuant to J.R.N. Holdings, Inc.'s demand for payment of the unpaid balance of the amount financed with accrued interest, please forward payment in the amount of $451,552.64. Upon receipt of these funds, J.R.N. Holdings, Inc. will execute a satisfaction of ship's mortgage and promissory note.



NAYLOR.YACHTS

Lance/James, Inc.
October 25, 1999
Page 02

In the event we do not receive payment in full within five (5) business days from your receipt of this letter, we will be forced to pursue all available remedies at law, including but not limited to, a foreclosure action in Federal Court pursuant to the maritime laws of the United States.

Please contact me in order that we may discuss an amicable resolution to this matter prior to embarking on the long and costly remedy of a federal foreclosure action.

Thank you for your immediate attention to this matter.

Very truly yours,

Adam H. Smith, Esq.

AHS/jf

enclosures

cc:  J.R.N. Holdings, Inc.