UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 00-6133-CIV-LENARD/TURNOFF

IN ADMIRALTY

FILED BY _____ D.C.
2000 MAR -9 AM 9:38
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

LANCE GREENBERG, and JAMES/ )
LANCE, INC., a Delaware corporation, )
)
)
    Plaintiffs, )
)
vs. )
)
The M/Y PRIORITY, Official Number )
906736, her boats, engines, tackles, apparel, )
furniture and appurtenances, in rem, )
)
    Defendant. )
_____)

J.R.N. HOLDINGS, INC., )
)
    Plaintiff, )
)
vs. )
)
M/V PRIORITY, her engines, tackles, )
apparel, appurtenances, etc., having )
Official Number 906736, in rem;  LANCE/ )
JAMES, INC., and LANCE R. GREENBERG )
and JAMES D. GALUSHA, in personam. )
)
    Defendants. )
_____)

### ANSWER AND AFFIRMATIVE DEFENSES OF LANCE GREENBERG, LANCE/JAMES, INC. AND M/V PRIORITY TO COUNTERCLAIM OF J.R.N. HOLDINGS, INC.

Lance R. Greenberg, Lance/James, Inc. and M/V Priority, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to the Counterclaim by J.R.N. Holdings, Inc. and say:

1

## Answer

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. Without knowledge.

4. Admitted.

5. Admitted that the vessel is within the jurisdiction of this Court, otherwise denied.

6. Without knowledge.

7. Without knowledge.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Without knowledge.

## Count I

13. Answered as above.

14. Denied.

15. Denied that Plaintiff has the option to do so and denied that Plaintiff has done so.

16. Denied.

17. Denied.

18. Denied.

19. Without knowledge.

## Affirmative Defenses
## Count I

A.  **Payment.** Defendants made all payments in a timely manner and all payments were accepted by J.R.N. Moreover, in June, 1998, during the period of time here at issue, Greenberg made a double payment which was not properly credited to his account by J.R.N. Therefore, Greenberg's account was never in arrears and could never have been in arrears.

B.  **Waiver.** J.R.N. waived the right to hold Greenberg in default under the terms of the Promissory Note and Mortgage by telling Greenberg it would accept a late payment and by continuing to accept all payments after the alleged default, including applicable late fees, if any, without properly noticing Greenberg of the alleged default under the note or accelerating payments as contemplated by the terms of the Promissory Note and Mortgage.

C.  **Estoppel.** Prior to the date of the alleged default, Greenberg tendered and J.R.N. accepted numerous payments after the "due date" as defined in the Promissory Note and Mortgage, thereby establishing a course of dealing between the parties by which Greenberg reasonably believed the one payment in question would be accepted. J.R.N. did in fact accept the payment and at least two more after it without ever notifying Greenberg that he was in default or properly accelerating payments due under the Promissory Note and Mortgage. In reliance on the aforementioned course of dealing established between the parties prior to the date of the alleged default, and in reliance upon the course of dealing established between the parties subsequent to the date of the alleged default, Greenberg continually made payments to J.R.N. and took other actions commensurate with ownership of the vessel, thereby changing his position to his detriment and to the benefit of J.R.N. Plaintiff J.R.N. is therefore estopped to assert this claim.

  **D.** **Failure to satisfy conditions precedent.** J.R.N. failed to notice Greenberg of the alleged default, or to properly accelerate, in accordance with the terms of the Promissory Note and Mortgage.

  **E.** **Accord and satisfaction.** There was an accord and satisfaction in this matter in that all payments which were due and owing to J.R.N. were tendered by Greenberg and accepted by J.R.N.

## Count II

20. Answered as above.

21. The documents speak for themselves.

22. Denied.

23. Denied.

24. Denied.

25. Without knowledge.

## Affirmative Defenses
## Count II

  **A.** **Payment.** Defendants made all payments in a timely manner and all payments were accepted by J.R.N. Moreover, in June, 1998, during the period of time here at issue, Greenberg made a double payment which was not properly credited to his account by J.R.N. Therefore, Greenberg's account was never in arrears and could never have been in arrears.

  **B.** **Waiver.** J.R.N. waived the right to hold Greenberg in default under the terms of the Promissory Note and Mortgage by telling Greenberg it would accept a late payment and by continuing to accept all payments after the alleged default, including applicable late fees, if any,

without properly noticing Greenberg of the alleged default under the note or accelerating payments as contemplated by the terms of the Promissory Note and Mortgage.

C. **Estoppel.** Prior to the date of the alleged default, Greenberg tendered and J.R.N. accepted numerous payments after the "due date" as defined in the Promissory Note and Mortgage, thereby establishing a course of dealing between the parties by which Greenberg reasonably believed the one payment in question would be accepted. J.R.N. did in fact accept the payment and at least two more after it without ever notifying Greenberg that he was in default or properly accelerating payments due under the Promissory Note and Mortgage. In reliance on the aforementioned course of dealing established between the parties prior to the date of the alleged default, and in reliance upon the course of dealing established between the parties subsequent to the date of the alleged default, Greenberg continually made payments to J.R.N. and took other actions commensurate with ownership of the vessel, thereby changing his position to his detriment and to the benefit of J.R.N. Plaintiff J.R.N. is therefore estopped to assert this claim.

D. **Failure to satisfy conditions precedent.** J.R.N. failed to notice Greenberg of the alleged default, or to properly accelerate, in accordance with the terms of the Promissory Note and Mortgage.

E. **Accord and satisfaction.** There was an accord and satisfaction in this matter in that all payments which were due and owing to J.R.N. were tendered by Greenberg and accepted by J.R.N.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail and by fax (561-395-5922) this 8th day of March, 2000, upon Adam H. Smith, Esq., Adam H. Smith, P.A., Attorney for J.R.N. Holdings, Inc., 855 South Federal Highway, Suite 212, Boca Raton, FL 33432-6133.

                                      BOSSHARDT & EDWARDS, P.A.
                                      Attorneys for Defendants Lance Greenberg,
                                      James/Lance, Inc. and M/V Priority
                                      1600 SE 17th St. Causeway, Suite 405
                                      Fort Lauderdale, FL 33316
                                      Tel:   (954) 764-7772
                                      Fax:  (954) 764-8176

By: _____
                                      Reginald P. Morris, Jr.
                                      Fla. Bar No. 0137299