ORIGINAL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 00-6133-CIV-LENARD/TURNOFF

IN ADMIRALTY

LANCE GREENBERG, and JAMES/ )
LANCE, INC., a Delaware Corporation, )
)
Plaintiffs, )
-vs- )
)
THE M/Y PRIORITY, Official Number )
906736, her boats, engines, tackles, apparel, )
furniture and appurtenances, in rem )
)
)
Defendant. )
_____/

J. R. N. HOLDINGS, INC. )
)
Plaintiff, )
)
-vs- )
)
M/V PRIORITY, her engines, tackle, apparel, )
appurtenances, etc., having Official No. 906736, )
in rem: and LANCE/JAMES, INC., AND LANCE )
R. GREENBERG AND JAMES D. GALUSHA, )
in personam. )
)
Defendants, )
_____/

## RESPONSE TO COURT'S ORDER TO SHOW CAUSE

Plaintiff/Mortgagee, J.R.N.Holdings, Inc., responds to this Court's March 07, 2000, Order

to Show Cause and says:

### Response to Paragraph 2:

1.    As a result of a calendaring error, J.R.N. Holdings filed with this Court, via U.S.



Mail, a Certificate of Interested Parties and Corporate Disclosure Statement on March 08, 2000.

## Response to Paragraph 3:

2.       Counsel for the parties have met to discuss, via telephone conference,  the Court's Order to Show Cause and are in agreement with regard to the following Response to the Court's Order to Show Cause dated March 07, 2000. However, in order to expedite our responses to this Court's Order to Show Cause, Counsel have elected to file separate pleadings.

3.       J.R.N. Holdings, Inc., respectfully suggests that the parties to this action are in compliance with Rule 16.1(B) S.D. Fla. L.R. and this Court's February 2000, Order reflecting same, because the due date for filing of the Joint Scheduling Report as determined under the Local Rules has not yet expired according to the calculations made by the parties.

4.       Rule 16.1(B) S.D. Fla. L.R. requires the parties to meet in person or by telephone "...... within twenty (20) after the filing of an answer by the last answering defendant, or within sixty (60) days after the filing of  a complaint (whichever shall first occur)...". The Rules further require that the parties jointly file a Joint Scheduling Report of Scheduling Meeting, within 10 days after the meeting. Rule 16.1(B)7 S.D. Fla. L.R.

5.       Both of the complaints in this consolidated action were filed on January 28, 2000. Defendant/Counterplaintiff J.R.N. Holdings, Inc., filed an Answer and Counterclaim on February 17, 2000. Plaintiffs/Counterdefendant Lance R. Greenberg and James/Lance, Inc. filed an Answer on February 18, 2000, an Amended Complaint on February 23, 2000 and an Answer to the Counterclaim on March 08, 2000.

6.       If the Court bases its calculations on the last of the parties' initial answers- February 18 as shown above- the Rule would require the Joint Scheduling Meeting to be held on or before March 09, 2000 and the Joint Scheduling Report would be required by March 19, 2000.

7.    If the Court bases its calculations on Plaintiff's Answer to the Counterclaim being the answer of the last answering defendant, the calculation would be made from March 08, 2000, as shown above. In that case the Joint Scheduling Meeting would not be required until March 28, 2000 and the Joint Scheduling Report would not be due until April 07, 2000.

8.    If the Court bases its calculations on Defendant's Answer to Plaintiff's Amended Complaint being the answer of the last answering defendant, the date of the Joint Scheduling Report would not yet be capable of calculation as the answer to the Amended Complaint is not yet due.

9.    If the Court bases its calculations on the date of the filing of the complaints in this consolidated matter -January 28, 2000- the Joint Scheduling Meeting would not be required until March 28, 2000 and the Joint Scheduling Report would not be due until April 07, 2000.

10.    Counsel respectfully suggests that the above methods of calculation are the only ones possible under Rules 16.1(B) and 16.1(B)7 S.D. Fla. L.R. To the extent the Court finds otherwise, Counsel submits that its own calculations were made in good faith reliance on the reasoning outlined above; that it intended to calculate the appropriate dates following Defendant's Answer to Plaintiff's Amended Complaint and that it is prepared to meet with opposing counsel  and to file the Joint Scheduling Report on any day the Court suggests is proper under the Rules.

WHEREFORE, J.R.N. Holdings, Inc., requests this Court accept its Certificate of Interested Parties and Corporate Disclosure Statement and find good cause as to why no Joint Scheduling Report was filed on or before March 07, 2000.

Dated: Boca Raton, Florida
        March 10, 2000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was served this 10th day of March, 2000, on the following person(s) by fax and U.S. Mail:

Robert R. Edwards, Esq.
Reginald P. Morris, Jr., Esq.
BOSSHARDT & EDWARDS, P.A.
1600 S.E. 17th Street Causeway
Suite 405
Fort Lauderdale, Florida 33301
Fax (954) 764-8176

Adam H. Smith, Esq.
Florida Bar No. 964506
ADAM H. SMITH, P.A.
Attorney for Plaintiff/Mortgagee
J.R.N. HOLDING'S, INC.
855 South Federal Highway, Suite 212
Boca Raton, Florida 33432-6133
(Tel.) 561-395-3022