UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 00-6133-CIV-LENARD/TURNOFF



IN ADMIRALTY

| | |
|---|---|
| LANCE GREENBERG, and JAMES/ LANCE, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> The M/Y PRIORITY, Official Number 906736, her boats, engines, tackles, apparel, furniture and appurtenances, in rem, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| J.R.N. HOLDINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> M/V PRIORITY, her engines, tackles, apparel, appurtenances, etc., having Official Number 906736, in rem; LANCE/ JAMES, INC., and LANCE R. GREENBERG and JAMES D. GALUSHA, in personam. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### NOTICE OF FILING JOINT SCHEDULING REPORT
### AND NOTICE OF GOOD CAUSE FOR NON-COMPLIANCE

PLAINTIFF AND DEFENDANTS, by and through their undersigned counsel, hereby jointly file this Notice of Filing the attached Joint Scheduling Report and Notice of Good Cause for Non-Compliance pursuant to this Court's April 26, 2000 Order and in support state the following:

1

### Pleadings Background

1.      Both of the complaints in this consolidated matter were filed on January 28, 2000. Defendant J.R.N. Holdings, Inc., filed an Answer and Counterclaim on February 17, 2000. Plaintiffs Lance R. Greenberg and James/Lance, Inc., filed an Answer on February 18, 2000, an Amended Complaint on February 23, 2000 (deemed filed as of March 29, 2000 per this Court's April 25, 2000 Order) and an Answer to Defendant's Counterclaim on March 8, 2000. Defendant J.R.N. Holdings filed its Answer to Amended Complaint and a Counterclaim on March 14, 2000. Plaintiffs filed their Answer to Defendant's March 14 Counterclaim on April 11, 2000.

### Showing of Good Cause

2.      On February 29, 2000 this Court entered an Order requiring, *inter alia*, that the parties file a Joint Scheduling Report pursuant to the Local Rules and this Court's Order.

3.      On March 7, 2000, this Court entered an Order for counsel for both parties to show cause why no Joint Scheduling Report had been filed as of March 7, 2000.

4.      Counsel for both parties timely filed separate but substantially identical Notices of Good Cause stating that they had determined, in good faith, that since the Answer of the last answering Defendant had not yet been filed as of March 7, 2000, and was not yet due as of March 7, 2000, counsel for both parties had determined that the Local Rules did not yet require the filing of a Joint Scheduling Report as of March 7, 2000.

5.      In the above Notices of Good Cause, both counsel suggested that although they had calculated at that time that no Joint Scheduling Report was due, they stood ready, willing and able to provide one on a date which the Court determined in its responsive order.

6.      At that time, counsel for both parties, in good faith, inadvertently, but in error, calendared the Joint Scheduling Meeting and Report to be triggered by the Court's responsive order

2

to the above Notice of Good Cause, mistakenly neglecting the fact that the Report would be due on April 7, 2000 pursuant to the Local Rule calculation using 60 days from the date of the Complaint.

7. Counsel did not become aware of their mutual calendaring error until receiving this Court's April 26 Order to Show Cause for having failed to file the Joint Scheduling Report pursuant to the Local Rules (presumably, by April 7, 2000 as explained above).

8. Counsel for both parties now come before this Court and state that they have at all times communicated and cooperated in good faith to promptly and expeditiously resolve this matter and to abide by all rules and orders of this Court and apologize to the Court for any inconvenience caused by this calendaring error.

9. Moreover, due to the fact that the undersigned counsel have cooperated and will continue to cooperate in good faith and that the error was a mutual one, undersigned counsel respectfully submit that neither the parties to this action, nor the general interest of justice would be prejudiced should this Court find good cause to exist and accept the Joint Scheduling Report which has been filed on this date and attached hereto.

WHEREFORE, undersigned counsel for both parties respectfully request that this Court find that good cause exists for the noncompliance of the undersigned counsel with this Court's previous Order and that this Court accept the attached Joint Scheduling Report.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via in-hand delivery, this 9th day of May, 2000, upon Adam H. Smith, Attorney for J.R.N. Holdings, Inc., 855 South Federal Highway, Suite 212, Boca Raton, Florida 33432 and upon Reginald P. Morris, Jr., Bosshardt & Edwards, P.A., Attorneys for Lance R. Greenberg, James/Lance, Inc., and M/V Priority, 1600 SE 17th St. Causeway, Suite 405, Fort Lauderdale, FL 33316.

BOSSHARDT & EDWARDS, P.A.
Attorneys for Lance R. Greenberg and
James/Lance, Inc., M/V Priority
1600 SE 17th St. Causeway, Suite 405
Fort Lauderdale, FL 33316
Tel:   (964) 764-7772
Fax:   (954) 764-8176

By: _____
Reginald P. Morris, Jr.
Fla. Bar No. 0133299

ADAM H. SMITH, P.A.
Attorneys for J.R.N. Holdings, Inc.
855 S. Federal Hwy., Suite 212
Boca Raton, FL 33432
Tel:   (561) 395-3022
Fax:   (561) 395-5922

By: _____
Adam H. Smith, Esq.
Fla. Bar No. 964506